Filed 12/19/13  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KY VAN NGUYEN,<br><br>    Defendant and Appellant. | G048223<br><br>(Super. Ct. No. 04ZF0054)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard F. Toohey, Judge.  Affirmed.

Anita P. Jog, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Appellant Ky Van Nguyen was convicted in 2005 burglary, conspiracy to commit burglary, and street terrorism. (The facts of the case, which are not germane to this appeal, can be summarized as law enforcement watching appellant and two other men perpetrate a residential burglary in which gold and jewelry were taken.) In addition, the court found appellant had committed the burglary and entered into the conspiracy for the benefit of a street gang, and that he had suffered three strike priors (Pen. Code §§ 667[1], subds. (d) and (e)(2)(A) and 1170.12 subd. (b)), two prison priors (§ 667.5 subd. (b)), and one serious felony prior (§ 667 subd. (a)). The court sentenced him to 25 years to life on the burglary and an additional 5 years for the serious felony prior. Punishments for the other crimes and enhancements were stricken or stayed.

On November 6, 2012, the voters of this state enacted Proposition 36, which amended the Three Strikes Law and enabled a prisoner serving an indeterminate sentence with two prior strike convictions to petition for resentencing if his or her current conviction was not for a serious felony conviction. Proposition 36 was enacted into law as section 1170.126.

On February 14 of this year, appellant petitioned for relief under this provision, despite the fact he was incarcerated for a crime classified as a serious felony, listed in section 1192.7, subdivision (c)(18). His petition was denied.

Appellant Nguyen appealed, and we appointed counsel to represent him. Counsel did not argue against her client, but advised this court she could find no issues to argue on appellant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed a brief which set forth the facts of the case, its procedural history, and the only conceivable appellate issue in an appeal from a denial of a petition pursuant to section 1170.126 case: the applicability of section 1170.126 to appellant. Appellant was given 30 days to file

---

[1] All further statutory references are to the Penal Code.

2

written argument in his own behalf if he chose to. That time has long since expired and no argument has been received regarding the petition for Proposition 36 relief.

Nor could it be. At least not with any chance of success. The ruling of the trial court – denying Nguyen's petition because relief pursuant to section 1170.126 was not available to him – is correct. Section 1170.126 was enacted to provide relief to prisoners whose Three Strikes law commitment was based on conviction of a crime that was not serious or violent under the Penal Code. As noted above, Nguyen's burglary conviction is listed as a serious crime under section 1192.7, subdivision (c)(18).

That is why his attorney filed a *Wende* brief. Appellant sought relief under section 1170.126. He is not eligible for such relief and both the court below and appellate counsel recognized that fact. We have reviewed the record and cannot conceive of any issue that could be raised on this appeal.

Appellant has, however, filed a one-page supplemental brief in which he complains that various legal errors were committed in his original trial eight years ago. He asserts he was not properly advised of his rights and the evidence against him was insufficient to support a conviction. These are precisely the issues he raised in the 2006 appeal from his conviction. We rejected them explicitly and with explanation in *People*

*v. Nguyen* (June 22, 2006, G035706) [nonpub. opn.], and the law does not allow him to raise them again.

       The judgment is affirmed.


                                  BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

4